IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | Case No. 6:24-cv-07496-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director of the Greenville County Detention Center, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation ("Report").[1]  On February 5, 2025, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return.  ECF No. 18.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Petitioner has filed 4 letters since the entry of the Report.  ECF Nos. 21–24.

---

[1] This action was initially assigned to Magistrate Judge William S. Brown and was reassigned to Magistrate Judge Kevin F. McDonald on January 27, 2025.  ECF No. 11.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## ANALYSIS

The Magistrate Judge recommends summary dismissal of the instant Petition because Petitioner has not exhausted his state remedies.

Section 2254 applies to petitions for writs of habeas corpus filed by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Even if Petitioner's commitment was not the product of a criminal conviction, he is "in custody pursuant to the judgment of a state court" as contemplated by the plain text of § 2254, and the scope of that statute is not limited to judgments in criminal cases. The Supreme Court addressed the scope of § 2254 in dicta:

> Incarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the "in custody" requirement in § 2254 cases. But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute. For example, *federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment* or a state court order of civil contempt.

*Duncan v. Walker*, 533 U.S. 167, 176 (2001) (emphasis added).  Accordingly, Petitioner is subject to the requirements applicable to actions brought pursuant to § 2254.  *See* 28 U.S.C. § 2254(b), (c).[2]

---

[2] The exhaustion requirement of Section 2254 provides:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

As a prerequisite to filing a section 2254 proceeding, a habeas petitioner must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies requires the petitioner to fairly present the federal constitutional issues to the state courts and allow them "one full opportunity" to resolve the issues. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, and (2) if the direct appeal turns out to be unsuccessful, by filing an application for PCR.

The Court has thoroughly reviewed Petitioner's letters filed in this action and none of them make any substantive argument with respect to exhaustion of state remedies. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the record, the Report, and the applicable law. Upon such review, the Court agrees with the Magistrate Judge. Petitioner has filed neither a direct appeal nor an application for post-conviction relief related to this conviction. Accordingly, it is subject to summary dismissal.[3]

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

[3] Upon de novo review, the Court further agrees with the Magistrate Judge that Petitioner's claims related to access to the law library/access to courts and for money damages must be brought pursuant to 42 U.S.C. § 1983 and will not be considered in this

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation. The Petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 24, 2025
Spartanburg, South Carolina

---

case. *See, e.g.*, *Stepansky v. Caldwell*, No. 7:24CV529, 2024 WL 4544136, at *2 (W.D. Va. Oct. 22, 2024) ("To the extent that she seeks to be made whole for alleged violations of her constitutional rights, that would be properly considered only in an action under § 1983."). Further, any request that this Court investigate Petitioner's allegations is improper.

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."